**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NORMA ROMERO-HEREDIA, AKA
Norma H. Romero,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-72851

Agency No. A077-312-483

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 21, 2015
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges and SESSIONS,** District Judge.

Norma Romero-Heredia appeals the Board of Immigration Appeal's (BIA)

decision that Romero-Heredia was convicted of a particularly serious crime and

therefore ineligible for withholding of removal. Romero-Heredia also appeals the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

BIA's decision that she is ineligible for relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.

The BIA did not err in determining that Romero-Heredia was convicted of a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B)(ii) and therefore ineligible for withholding of removal. The "BIA applied the correct legal standard in making its determination," *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010) (quoting *Afridi v. Gonzales*, 442 F.3d 1212, 1218 (9th Cir. 2006)), given that it analyzed the factors delineated in *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982), as modified by *Matter of Carballe*, 19 I. & N. Dec. 357, 360 (BIA 1986). This court "cannot reweigh evidence to determine if the crime was indeed particularly serious," *Anaya-Ortiz*, 594 F.3d at 676, so it cannot entertain Romero-Heredia's arguments on what weight the BIA should give to each factor.

The BIA did not err in applying *In re N-A-M-*, 24 I. & N. Dec. 336 (BIA 2007) to analyze whether Romero-Heredia's drug conviction constituted a particularly serious crime. The BIA's determination that the sentence imposed "is not the most accurate or salient factor to consider in determining the seriousness of an offense," *In re N-A-M-*, 24 I. & N. Dec. at 343, is not a new rule or strong presumption, as in *Matter of Y-L-*, 23 I. & N. Dec. 270 (AG 2002), but rather a discretionary determination of how much weight to give to one of the *Frentescu*

factors. Nor is the BIA's statement that it need not "engage in a separate determination to address whether the alien is a danger to the community," *N-A-M-*, 24 I. & N. Dec. at 342, a new rule, as the BIA originally took this position in 1986, *see Carballe*, 19 I. & N. Dec. at 360. Even if *N-A-M-* had created a new rule, its application to Romero-Heredia's conviction would not have been an error, given that the immigration judge reached the same result applying the *Frentescu* factors. *See Montgomery Ward & Co., Inc. v. F.T.C.*, 691 F.2d 1322, 1333–34 (9th Cir. 1982).

Romero-Heredia's argument that "Customary International Law" requires the BIA to make a separate determination of whether an alien is a danger to the community is foreclosed by our decision in *Ramirez-Ramos v. INS*, 814 F.2d 1394, 1397 (9th Cir. 1987), which specifically held otherwise.[1] Thus, the BIA correctly determined that Romero-Heredia was statutorily ineligible for withholding of removal for having been convicted of a particularly serious crime. *See* 8 U.S.C. § 1231(b)(3)(B)(ii).

Finally, there was substantial evidence to support the BIA's decision that Romero-Heredia was ineligible for relief under the CAT because she did not

---

[1]Romero-Heredia filed a petition for hearing en banc to overturn *Ramirez-Ramos*, 814 F.2d 1394, but no judge on the panel made an en banc call, so we dispose of the case on the merits. Ninth Cir. Gen. Ord. 5.2(a).

present evidence that it was more likely than not that she would be tortured either by an act of public officials or with the "consent or acquiescence" of public officials. *See* 8 C.F.R. § 208.18(a)(1); *Azanor v. Ashcroft*, 364 F.3d 1013, 1018–19 (9th Cir. 2004).

**DISMISSED IN PART and DENIED IN PART**